**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CORWOOD LABORATORIES, INC., | Case No. 8-09-79577 (AST) |
| Debtor. | |

**STIPULATION AND ORDER REGARDING DISPOSITION OF
CERTAIN COLLATERAL OF SECURED LENDER GENERAL ELECTRIC CAPITAL
CORPORATION AND DISPOSITION OF SALE PROCEEDS**

Richard L. Stern, Esq. as Chapter 7 Trustee of Corwood Laboratories, Inc. ("Corwood" or the "Debtor"), and General Electric Capital Corporation ("GE Capital"), by their undersigned counsel, stipulate and agree as follows:

**WHEREAS**, on December 14, 2009 (the "Petition Date"), the Debtor commenced the instant bankruptcy case by the filing of a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"); and,

**WHEREAS**, on or about December 14, 2009, Richard L. Stern, Esq. was appointed Chapter 7 Trustee of the Debtor's estate (the "Trustee" and together with GE Capital, the "Parties"); and,

**WHEREAS**, on the Petition Date, the Debtor was indebted to GE Capital pursuant to certain equipment financing transactions pursuant to which GE Capital leased and financed various items of personal property that were used in the Debtor's business (collectively, the "GE Obligations") which included, *inter alia*, a certain Cross-Collateral and Cross-Default Agreement

(the "Cross-Default Agreement") dated June 29, 2005, between Corwood and GE Capital whereby Corwood agreed that all then existing and thereafter acquired collateral in which GE Capital has a security interest shall secure the payment and performance of all of Corwood's liabilities and obligations to GE Capital of every kind and character, whether under presently existing or thereafter created accounts or agreements; and,

**WHEREAS**, on or about July 1, 2005, Corwood and GE Capital entered into that certain Master Lease Agreement (together with all schedules, addendums and amendments attached thereto, the "MLA") whereby GE Capital agreed to lease to Corwood (i) a 2005 CML2000 Vacuum mixing and homogenizing system, including one Symex model PM1450 premix vessel, one Symex model HF 1000 homogenizer and one Symex model CML 4 vacuum homogenizer (collectively, along with all additions, attachments, accessories and accessions thereto, the "Symex Mixer"), and (ii) a Fulton model VMP-100 100HP gas fired steam boiler with HT-100 Condensate Return system, water softener, chemical feed system, blowdown separator, flue pipe, installation and start-up pursuant to terms set forth in the MLA; and,

**WHEREAS**, on or about July 1, 2005, Corwood and GE Capital entered into that certain Security Agreement to secure the payment of all of Corwood's current and future indebtedness to GE Capital pursuant to a loan agreement or any other current or future agreement (the "Security Agreement").  Pursuant to the Security Agreement, Corwood granted GE Capital a security interest in and against, inter alia, the collateral more fully described in the schedules annexed to the Security Agreement as Exhibit A , which schedules are hereby fully incorporated by reference (collectively, the "Collateral");

**WHEREAS**, GE Capital perfected its security interest in the Collateral by, among other things, filing UCC-1 Financing Statements; and,

**WHEREAS,** the Trustee sold, pursuant to an asset purchase agreement dated February 25, 2010 (the "APA"), substantially all of the assets of the Debtor (the "Assets"), including certain portions of the Collateral, to Gordon Brothers Group, LLC and M. Davis Group, LLC, (collectively the "Purchasers") pursuant to 11 U.S.C. § 363(b) (the "Sale"), which Sale was confirmed by an Order of the Court dated March 2, 2010. Among the assets sold by the Trustee to the Purchasers is all of the Collateral. The Collateral shall be hereinafter referred to as the "Sale Collateral"); and,

**WHEREAS,** in consideration for the Sale of the Assets, Purchasers paid to the Trustee the total sum of one million four hundred thousand dollars ($1,400,000.00) (the "Sale Proceeds"); and,

**WHEREAS,** as set forth in the APA, the Purchasers will, on or before May 31, 2010, Purchasers will, at their sole cost and expense, prepare for, market and conduct a public auction sale of the Debtor's Assets, including the Sale Collateral (the "Purchasers' Auction"); and,

**WHEREAS**, GE Capital wishes to cooperate with the Trustee in connection with his disposition of the Debtor's assets, including the Sale Collateral, subject to the terms of this Stipulation;

**NOW, THEREFORE,** for good and valuable consideration, the receipt and adequacy of which is hereby expressly acknowledged by the undersigned, **IT IS HEREBY STIPULATED AND AGREED** by and between the Trustee and GE Capital as follows:

1.      The Collateral secures the GE Obligations, together with accrued interest, fees and costs.  The Trustee after investigation has concluded that no portion of the GE Obligations are subject to valid objection, defense, counterclaim, offset, avoidance, recharacterization, recovery or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law; and, the Trustee does not have any claims, counterclaims, causes of action, defenses, setoff or recoupment rights, whether arising under the Bankruptcy Code or applicable nonbankruptcy law, against GE Capital and the Trustee hereby waives any and all rights to object and challenge, among other things, the validity, priority and extent of GE Capital's liens, claims and interests in the Collateral;

2.      GE Capital hereby consents to the Trustee's sale of the Sale Collateral to Purchasers pursuant to 11 U.S.C. §363, free and clear of all liens, encumbrances, claims and interests with such liens, encumbrances, claims and interests to attach to the Sale Proceeds as set forth in this Stipulation;

3.      The Trustee shall be responsible for paying all necessary use and occupancy expenses incurred by the estate, including real property rental obligations ("Rent") and (to the extent not included in the Rent), real estate taxes, utilities and insurance (collectively, the "Use and Occupancy Expenses"), from the Sale Proceeds, with GE Capital to be charged for its pro rata share of such Use and Occupancy Expenses calculated as follows: Use and Occupancy Expenses * (the proceeds from sale of the Sale Collateral at the Auction ÷ the proceeds from the sale of the all of the Assets sold at the Auction);

4.      After accounting for its pro rata share of Use and Occupancy Expenses in accordance with paragraph 3 hereof, GE Capital shall be entitled to receive a pro rata share of the Sale Proceeds calculated as follows: Sale Proceeds * (the proceeds from sale of the Sale Collateral at the Auction ÷ the proceeds from the sale of the all of the Assets sold at the Auction).  Upon the Trustee's receipt of the Sale Proceeds from the Purchasers and upon receipt

of the accounting from the Purchasers as required under the Asset Purchase Agreement the Trustee shall be authorized to promptly disburse to GE Capital its pro rata share of the Sale Proceeds as calculated in accordance herewith;

5. The automatic stay pursuant to 11 U.S.C. § 362(d) is vacated with regard to the Excluded Collateral and GE Capital is authorized to take possession and dispose of the Excluded Collateral in accordance with its rights as a secured creditor under applicable law;

6. Notwithstanding anything herein to the contrary, in the event the Court does not enter an order authorizing the Sale by March 5, 2010, paragraphs 2, 3 and 4 of this Stipulation shall become null and void but the remainder of this Stipulation shall remain in full force and effect;

7. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Stipulation. The Parties consent to the entry of this stipulation as an order in this proceeding; and

8. The Trustee shall be authorized and allowed to do such things, execute such documents and disburse funds as may be necessary to implement to the terms and conditions of this stipulation and order.

ACCEPTED TO AND AGREED BY:

| | |
|---|---|
| REED SMITH LLP | LAMONICA HERBST & MANISCALCO, LLP |
| Attorneys for General Electric Capital Corporation | Attorneys for Richard L. Stern, Esq. Chapter 7 Trustee |
| By: *s/Michael J. Venditto*<br>     Michael J. Venditto<br>     Christopher A. Lynch<br>     599 Lexington Avenue<br>     New York, New York 10022<br>     Telephone: (212) 521-5400 | By: *s/ Salvatore LaMonica*<br>     Salvatore LaMonica, Esq.<br>     3305 Jerusalem Avenue<br>     Wantagh, New York 11793<br>     516-826-6500 |

IT IS SO ORDERED.